UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY          07 CV 3797 (JGK)
DISTRICT COUNCIL OF CARPENTERS ANNUITY           ECF CASE
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN         **AFFIDAVIT OF COUNSEL**
RETRAINING, EDUCATIONAL AND INDUSTRY             **IN SUPPORT OF**
FUND, NEW YORK CITY DISTRICT COUNCIL OF          **DEFAULT JUDGMENT**
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES,

                              Plaintiffs,

              -against-

PITKIN CARPET INC.,

                              Defendant.
-----------------------------------------------------------------------------X
STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

          ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

          1.      I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

          2.      I submit this affidavit in support of plaintiffs' motion for default judgment against

Pitkin Carpet Inc. ("Defendant"), confirming an arbitration award against the Defendant, dated

March 30, 2007.

          3.      Upon information and belief Defendant is a corporation and not an infant, in the

military or an incompetent.

4.      Subject matter jurisdiction of this action is based upon Section 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and

(g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii),

(d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal

Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29

U.S.C. §1132(e)(2).

5.      Plaintiffs brought this action to collect unpaid employee benefit fund

contributions from Defendant, which were due and owing to plaintiffs pursuant to a collective

bargaining agreement ("Agreement") between the Defendant and the District Council for New

York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.      Defendant has failed to remit benefit fund contributions to the Funds for hours

worked by employees as required under the Agreement.

7.      Pursuant to the arbitration clause of the Agreement, the dispute was submitted to

arbitration to Roger Maher, the duly designated impartial arbitrator.  Thereafter, upon due notice

to all parties, the arbitrator held a hearing and rendered his award, in writing, dated March 30,

2007 determining said dispute.  Upon information and belief, a copy of the award was sent to the

defendant.

8.      The arbitrator found that Defendant was required to pay to the Funds $489,250.00,

plus interest at the rate of ten percent (10%) per annum from the date of the award.  (A copy of

the award is annexed hereto as Exhibit "A").

9.      The defendant has failed to abide by the award.

10.     Plaintiffs commenced this action on May 15, 2007 by filing a summons and

complaint.  (A copy is annexed hereto as Exhibit "B").  Plaintiffs subsequently served the

summons and complaint together with the Judge's rules upon Defendant by delivering two (2) true copies of the same to the Secretary of the State of New York on May 23, 2007, pursuant to Section 306(b) of New York Business Corporation Law and an affidavit of service was filed with the Court on May 30, 2007. (A copy is annexed hereto as Exhibit "C").

11.    The award at issue has not been vacated or modified and no application for such relief is currently pending.

12.    Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired. (A copy of the Clerk's Certificate is annexed hereto as Exhibit "D").

13.    This action is timely as it was filed within the one year statute of limitations applicable to a petition to confirm an arbitrator's award.

14.    Plaintiffs seek a default judgment and order against Defendant and in favor of plaintiffs as follows:

  a.   confirming the arbitrator's award;

  b.   awarding judgment for the plaintiffs and against Defendant in the principal amount of $489,250.00;

  c.   interest of ten percent (10%) per annum on that amount from the date of said award, pursuant to the arbitrator's award;

  d.   attorneys' fees and costs arising out of this action as determined by the court. (An Affidavit of Services is annexed hereto as Exhibit "E" and a proposed Default Judgment is annexed hereto as Exhibit "F");

e.  such other and further relief as this Court may deem just and proper;

ANDREW GRABOIS (AG 3192)

Sworn to before me this
9th day of July, 2007

NOTARY PUBLIC

JASON FUIMAN
Notary Public, State of New York
No.02FU6104740
Qualified in New York County
Commission Expires January 26, 20__

4